UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KANSAS ST. GREGORYS LLC,

        Plaintiff,

v.                                             Case No. 20-4054-DDC

OTIS ELEVATOR COMPANY,

        Defendant.

## ORDER TO SHOW CAUSE

Defendant Otis Elevator Company removed this case from the District Court of Shawnee County, Kansas, on September 18, 2020.  The notice of removal alleges this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), the diversity statute (ECF No. 1 at 1).  However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure.  For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).  And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.  *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318,

320 (7th Cir. 2002). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the notice of removal states defendant is a New Jersey corporation with its principal place of business in Connecticut (ECF No. 1 at 1). But it does not identify the citizenship of each individual member of the plaintiff limited liability company, instead simply stating, "Plaintiff is a citizen of Kansas." (ECF No. 1 at 1). The state court petition (ECF No. 1-1 at 1) provides no additional information about plaintiff's citizenship. Thus, the allegations are not enough for the court to ensure that diversity jurisdiction exists.

**IT IS THEREFORE ORDERED** that by **November 4, 2020,** defendant file a status report, with affidavits attached, demonstrating the citizenship of each of the individual members of the plaintiff limited liability company and showing cause why this case should not be dismissed or remanded for lack of jurisdiction.

IT IS SO ORDERED.

Dated October 28, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
