UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KANSAS ST. GREGORYS LLC,

                Plaintiff,

v.                                      Case No. 20-4054-DDC

OTIS ELEVATOR COMPANY,

                Defendant.

## ORDER

Defendant, Otis Elevator Company, removed this case from the District Court of Shawnee County, Kansas, on September 18, 2020, alleging this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), the diversity statute.[1]  The notice of removal did not identify the individual members of plaintiff, Kansas St. Gregorys LLC. On October 28, 2020, the court entered an order to show cause, directing defendant to file a status report demonstrating the citizenship of the parties.[2]

On November 4, 2020, defendant filed a status report stating that plaintiff's counsel represented plaintiff has one member, an Oklahoma LLC.[3]  But the status report failed to provide the citizenship of that LLC, noting that plaintiff's counsel was attempting to determine it.  At the parties' November 9, 2020 scheduling conference, and as memorialized in the scheduling order,[4] the court noted the insufficiency of the response.

---

[1] ECF No. 1.
[2] ECF No. 11.
[3] ECF No. 12.
[4] ECF No. 14.

The court stayed discovery until subject matter jurisdiction had been confirmed, but allowed limited discovery as to the jurisdictional issue.  The court instructed the parties to file a supplemental status report in response to the show-cause order, which the parties did on November 19, 2020.[5]

The supplemental status report still fails to establish jurisdiction.  Plaintiff has provided, through interrogatory answers, more ownership information about the Oklahoma LLC, namely its 90% ownership by a living trust, which is a Texas entity, and 10% ownership by Lieberman, LLC, a Michigan limited liability company.[6]  But the status report doesn't include the ownership of Lieberman, LLC, which plaintiff is "trying to determine," although the parties give no date by which they will do so.[7]  The parties represent Lieberman, LLC, has entered into an agreement to sell its interest to Consolidated Capital Investments, LLC; the purchase price has been paid, but the actual transfer hasn't yet occurred.[8]  The parties assert that this transfer will establish full diversity of citizenship.[9]

Accordingly, subject matter jurisdiction is still an unanswered question, and the parties' representation of this forthcoming transfer creates more of a question.  Courts in this district have established that diversity jurisdiction is ordinarily determined at the time

---

[5] ECF No. 17.
[6] ECF No. 11 at 1.
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*

of filing, not afterward.[10]  The time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing."[11]  A post-removal change in citizenship and residency "does not cure [the parties'] removal."[12]  Similar circumstances here would mandate the court remand the case to state court.

 **IT IS THEREFORE ORDERED** that by **December 21, 2020,** the parties file a final supplemental order to demonstrate the citizenship of each of the individual members of the parties and to show cause why this case should not be dismissed or remanded for lack of jurisdiction.

 Dated November 20, 2020, at Kansas City, Kansas.

        s/ James P. O'Hara
        James P. O'Hara
        U.S. Magistrate Judge

---

[10] *Carrington Square, LLC v. Steeley*, No. 19-02386-CM-JPO, 2019 WL 5726897, at *2 (D. Kan. Nov. 5, 2019); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004).

[11] *Fotouhi v. Mobile RF Sols., Inc.*, No. 15-2587-JWL, 2015 WL 1427139, at *1 (D. Kan. Mar. 27, 2015) (citing *Grupo*, 541 U.S. at 570).

[12] *Carrington Square, LLC*, 2019 WL 5726897, at *2 (finding remand appropriate because, at the time of filing, diversity did not exist when defendants were citizens and residents of Kansas, despite establishing citizenship in Missouri post-filing); *see also Grupo*, 541 U.S. at 575 ("[A]llowing a citizenship change to cure the jurisdictional defect that existed at the time of filing would contravene the principle articulated by Chief Justice Marshall in *Conolly*.  We decline to do today what the Court has refused to do for the past 175 years.").